IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT ) | | |
| OPPORTUNITY COMMISSION, ) | | |
| ) | CIVIL ACTION NO. | |
| Plaintiff, ) | | |
| v. ) | COMPLAINT AND JURY DEMAND | |
| MCDONALD'S CORP. and ) | | |
| MCDONALD'S RESTAURANTS ) | | |
| OF ) | | |
| MISSOURI, INC., ) | | |
| ) | | |
| Defendants. ) | | |

NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act, as amended, ("ADA") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Ricky Washington, who was adversely affected by such practices. The Equal Employment Opportunity Commission alleges that McDonald's Corporation and McDonald's Restaurants of Missouri, Inc., failed to provide Washington, who is deaf, with a reasonable accommodation during the hiring process and refused to hire him because of his disability, in violation of the ADA.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and

1

(3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3); and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Missouri.

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendants McDonald's Corporation and McDonald's Restaurants of Missouri, Inc., have continuously been doing business in the State of Missouri and the city of Belton, and have continuously had at least fifteen (15) employees.

5. At all relevant times, Defendants have continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporate by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g) and (h).

6. At all relevant times, Defendants have been covered entities under Section 102(a) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Washington filed a timely charge of discrimination with the Commission alleging violations of the ADA by Defendants.

8. On June 24, 2015, the Commission issued to Defendants a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendants to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

9. The Commission engaged in communications with Defendants to provide Defendants the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. The Commission was unable to secure from Defendants a conciliation agreement acceptable to the Commission.

11. On September 4, 2015, the Commission issued to Defendants a Notice of Failure of Conciliation advising Defendants that the Commission was unable to secure from Defendants a conciliation agreement acceptable to the Commission.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

13. Charging Party Ricky Washington is deaf. He is unable to hear or speak.

14. On or about June 20, 2012, Washington applied online for a vacant team member position at Defendants' location in Belton, Missouri.

3

15. Washington indicated on the application that he had been a student at the Kansas School for the Deaf.

16. Washington had previous experience working at a McDonald's restaurant in Louisiana as a cook and clean-up team member in 2009.

17. Defendants gave Washington's application a score of "green," which means "candidates with this profile tend to display strengths in many skills necessary for crew member job. They are very likely to be successful in crew member job."

18. After Defendants scored Washington's application, the application was sent to Defendants' Hiring Manager, Sandra Etterling.

19. Etterling's typical practice is to call all "green" applicants to schedule an interview. Etterling scheduled an interview with Washington when he called her about the job.

20. On July 31, 2012, using a telephone relay service, Washington called McDonald's and spoke with Etterling concerning the status of his application.

21. Etterling told Washington that he should come in for an interview on August 3, 2010 at 4 pm.

22. On August 2, 2012, Washington's sister, Ms. Omnisha Kalantar, called Etterling and asked if her brother's interview could be rescheduled.

23. Ms. Kalantar told Etterling that her brother was deaf and that he needed a sign language interpreter for his interview.

24. Ms. Kalantar told Etterling that she could serve as her brother's sign language interpreter, but that she had a conflict at the scheduled interview time.

4

25. Ms. Kalantar also told Etterling that as an alternative, McDonald's could provide a sign language interpreter for the interview.

26. Etterling told Ms. Kalantar that she would call back to reschedule Washington's interview.

27. After August 2, 2012, Washington and his sister contacted McDonald's on several occasions to reschedule his interview, but McDonald's never rescheduled the interview.

28. Defendants continued hiring team members at their Belton, Missouri location after August 2, 2012.

## COUNT I
## (ADA – Failure to Accommodate)

29. Paragraphs 1 through 28 are realleged and incorporated by reference as though fully set forth herein.

30. Defendants engaged in unlawful employment practices in violation of Section 102 of the ADA, 42 U.S.C. § 12112(a) and (b), by failing to provide Washington, a qualified individual with a disability, with a reasonable accommodation for his disability during the hiring process.

31. The effect of the practices complained of herein has been to deprive Washington of equal employment opportunities and otherwise adversely affect his status as an employee because of disability.

32. Defendants' unlawful employment practices complained of herein were intentional.

33. Defendants' unlawful employment practices complained of herein were done with malice or reckless indifference to Washington's federally protected rights.

## COUNT II

## (ADA – Failure to Hire)

34. Paragraphs 1 through 33 are realleged and incorporated by reference as though fully set forth herein.

35. Defendants engaged in unlawful employment practices in violation of Section 102 of the ADA, 42 U.S.C. § 12112(a) and (b), by failing to hire Washington, a qualified individual with a disability, because of his disability.

36. The effect of the practices complained of herein has been to deprive Washington of equal employment opportunities and otherwise adversely affect his status as an employee because of disability.

37. Defendants' unlawful employment practices complained of herein were intentional.

38. Defendants' unlawful employment practices complained of herein were done with malice or reckless indifference to Washington's federally protected rights.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in disability discrimination against employees, and engaging in any other employment practices that discriminate on the basis of disability.

6

B.  Order Defendants to institute and carry out policies, practices, and programs that provide equal employment opportunities for all employees and that eradicate the effects of their past and present unlawful employment practices.

C.  Order Defendants to make Washington whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including but not limited to reinstatement or front pay to Washington.

D.  Order Defendants to make Washington whole by providing compensation for past and future pecuniary losses resulting from the unlawful practices described above, including moving expenses, job search expenses, and other amounts to be determined at trial.

E.  Order Defendants to make Washington whole by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described above, including inconvenience, emotional pain and suffering, anxiety, stress, depression, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.  Order Defendants to pay Washington punitive damages for their malicious or recklessly indifferent conduct described above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all claims set forth herein.

Respectfully submitted,

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

s/ Andrea G. Baran
ANDREA G. BARAN Mo. Bar 46520
Regional Attorney

s/ C. Felix Miller
C. FELIX MILLER Mo. Bar 28309
Supervisory Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
St. Louis District Office
1222 Spruce St., Room 8.1
St. Louis, MO 63103
andrea.baran@eeoc.gov
felix.miller@eeoc.gov
Tel. No. (314) 539-7910
Fax No. (314) 539-7895

s/ *Dayna Deck*
DAYNA DECK Mo. Bar 39033
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY

COMMISSION
Kansas City Area Office
400 State Ave., Ste. 905
Kansas City, KS 66101
[dayna.deck@eeoc.gov](mailto:dayna.deck@eeoc.gov)
Tel. No. (913) 551-5848
Fax No. (913) 551-6957